IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ROBERT FARRELL                                                               PETITIONER

VERSUS                                            CIVIL ACTION NO. 5:13-cv-3-DCB-MTP

WARDEN ARCHIE B. LONGLEY                                            RESPONDENT

MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner, an inmate incarcerated at the Federal Correctional Complex (FCC-Yazoo City), Yazoo City, Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241 on January 3, 2013, and paid the $5.00 filing fee. The named respondent is Archie B. Longley, Warden.

Background

The Petitioner states that after receiving a MRI of his knee on April 24, 2012, he was diagnosed with "a complex tear of the medial meniscus and erosion of the articular cartilage of the medial joint compartment." Compl. [1] at 5. According to the Petitioner, he was informed by the medical staff in May that he would be scheduled to see an orthopedic surgeon. *Id*. The Petitioner complains that it has been seven months and he has not yet been examined by a surgeon. *Id*.

Analysis

Federal prisoners may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992). However, "habeas is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). The United States Court of Appeals for the Fifth Circuit in *Pierre* went on to say that the "sole

function" for a habeas action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Id*. at 935-36, *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

Having liberally construed the instant petition, this Court finds that the Petitioner's allegation does not challenging the Bureau of Prisons' execution or calculation of his federal sentence. But instead, Petitioner is challenging the conditions of his confinement at FCC-Yazoo Citty, *i.e.*, the alleged denial of medical care. The issue presently before this Court has nothing to do with a claim of early release from his incarceration with the Bureau of Prisons. Therefore, this complaint is not the proper subject of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and this habeas corpus petition will be dismissed without an evidentiary hearing.

Conclusion

As stated above, the Petitioner cannot proceed with this petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241 attacking the conditions of his confinement while incarcerated at the FCC-Yazoo City. The Petitioner has not presented an arguable claim for habeas corpus relief. As such, this petition filed pursuant to § 2241 shall be dismissed with prejudice without an evidentiary hearing and the Petitioner's condition of confinement claim is dismissed without prejudice so that he may pursue that claim in the proper manner.

SO ORDERED this the ___10th___ day of January, 2013.

     s/David Bramlette
     UNITED STATES DISTRICT JUDGE